UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DORA MIDDLETON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:18-cv-01257-JAR |
| ) | |
| GENERAL MOTORS, LLC, ) | |
| ) | |
| and ) | |
| ) | |
| LOCAL UNION NUMBER 2250 ) | |
| INTERNATIONAL UNION, Union ) | |
| Automobile, Aerospace, and Agricultural ) | |
| Implement Workers of America, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on a Motion to Dismiss filed by Local Union Number 2250 UAW Building Corporation ("the Building Corp."). (Doc. 10.)

In her original complaint, Plaintiff named the Building Corp. as a defendant, advancing two claims against it: Count III – racial discrimination under 42 U.S.C. § 1981 and Count V – racial discrimination under Title VII of the Civil Rights Act of 1964. (Doc. 1-2.) The Building Corp. moved to dismiss Counts III and V on the ground that it exists exclusively for the purpose of holding and collecting income on property owned by the UAW, which it remits directly to the union. (Doc. 10.) It asserts that it has no role in or responsibility to assist with employee grievances or allegations of discrimination. (*Id.*)

In the meantime, Plaintiff has filed an amended complaint that adds Defendant Local Union Number 2250 International Union, United Automobile, Aerospace and Agricultural Implement Workers of America and directs Counts III and V towards it. (Doc. 19.) The Building Corp is not named in the amended complaint. (*Id*.) In her response to the Building Corp.'s Motion to Dismiss, Plaintiff suggests that her amended complaint moots the motion. (Doc. 12.)

"It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect." *In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005). Because Plaintiff's amended complaint does not name the Building Corp. as a defendant, there are no pending claims against the Building Corp. A motion is mooted "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1982)). The Court therefore concludes that the Building Corp.'s Motion to Dismiss is moot.

Accordingly,

**IT IS HEREBY ORDERED** that Local Union Number 2250 UAW Building Corporation's Motion to Dismiss (Doc. 10) is **DENIED as moot.**

Dated this 7th Day of February, 2019.

                                                     _____
                                                   JOHN A. ROSS
                                                   UNITED STATES DISTRICT JUDGE